IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA (TAMPA)

| | |
|---|---|
| AL AGNEW COLLECTION TRUST<br>A State of Missouri Trust<br>11779 Highway 32<br>Ste. Genevieve, MO 63670<br><br>DONALD E. RAY<br>8415 90th Avenue<br>Vero Beach, Florida 32967<br><br>WILD WINGS, LLC<br>2101 South Highway 61<br>P.O. Box 452<br>Lake City, Minnesota 55041<br><br>MARK SUSINNO<br>c/o Wild Wings, LLC<br>2101 South Highway 61<br>P.O. Box 452<br>Lake City, Minnesota 55041<br>        Plaintiffs,<br><br>DOWLING GRAPHICS, INC.<br>12920 Automobile Blvd.<br>Clearwater, FL 33762<br><br>DENISE DOWLING<br>3162 Shoreline Drive<br>Clearwater, Florida 33760<br><br>John Does 1-100,    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>Case No.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

COMPLAINT FOR COPYRIGHT INFRINGEMENT

WITH DEMAND FOR JURY TRIAL / INJUNCTIVE RELIEF SOUGHT

  For its Complaint for Copyright Infringement, against Defendant Dowling Graphics, Inc.,

and the individual Defendant, Denise Dowling, the Plaintiffs state as follows:

1

1. All of the allegations and other factual contentions herein made are based upon information and belief, after an inquiry reasonable under the circumstances, and as they are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, as follows:

2. This is an action for copyright infringement arising under the Copyright Act of 1976 (17 U.S.C. Sections 101 et seq., as amended).

## I. Jurisdiction

3. This Court has jurisdiction over the subject matter and the parties, under the Copyright Act of 1976 (17 U.S.C. Sections 101 et seq.), and pursuant to 28 U.S.C. Sections 1331, and 1338.

## II. Venue

4. Venue is based on 28 U.S.C. Section 1391 and Section 1400(a). The corporate defendant was incorporated in and maintains business office in the State of Florida in this judicial district and the individual defendants reside in the state of Florida in this judicial district. The facts forming the basis of the complaint, as hereinafter alleged, occurred within the State of Florida in this judicial district. This cause of action arises out of acts and events that occurred in the state of Florida, and within this judicial district.

## III. FACTS

5. The Al Agnew Collection Trust, (hereinafter "Plaintiff Agnew") is a Trust which is organized and which operates from within the state of Missouri.

6. Plaintiff Agnew is in the business of creating art and licensing art work, and is famous in the United States for wildlife art work, in particular.

7. Plaintiff Agnew is the owner of copyright in an original watercolor painting titled "Crappie #306," registered for copyright under Certificate of Registration VAu-667-371, bearing an effective date of registration of 13 May 1995 (Exhibit A).

8. Donald E. Ray, (hereinafter "Plaintiff Ray") is an individual who resides in the state of Florida

9. Plaintiff Ray is an individual artist, who is famous in the United States for his wildlife art work.

10. Plaintiff Ray is the owner of copyright in an original painting titled "Three Bonefish and Crabs," registered for copyright under Certificate of Registration VAu-418-941, bearing an effective date of registration of 29 December 1997 (Exhibit B).

11. Plaintiff Wild Wings, LLC, (hereinafter "Plaintiff Wild Wings") is a limited liability company which is organized and which operates from within the State of Minnesota.

12. Plaintiff Wild Wings is in the business of licensing art work, and is among the nation's leading wildlife art publishers.

13. Plaintiff Mark Susinno is an individual artist, who is famous in the United States for his wildlife art work, and who is represented by Plaintiff Wild Wings for publishing and licensing purposes.

14. Plaintiff Mark Susino is the owner of copyright in an original acrylic painting titled "Cartwheeling- Large Mouth Bass," registered for copyright under Certificate of Registration VAu-479-991, bearing an effective date of registration of 22 May 2000 (Exhibit C) and is joint owner with Wild Wings, LLC, p/k/a Wild Wings, Inc., of copyright in a print of the original painting registered for copyright under Certificate of

Registration VA1-034-582 bearing an effective date of 7 September 2000, (Exhibit D).

15. Defendant Dowling Graphics, Inc., (hereinafter "Dowling Graphics") is a corporation organized under the laws of the State of Florida with offices within this judicial district.

16. Denise Dowling resides in Florida in this judicial district and controls or has a direct right to control the business of the corporation, and financially benefits from the business of the corporation. This business includes the distribution of heat transfers from within the State of Florida.

17. Denise Dowling individually participates in Dowling Graphics business in Florida, in this judicial district, including the business which is the subject of this Complaint.

15. As part of its business, Dowling Graphics distributes within the State of Florida and this judicial district, a collection of heat transfers which collection is comprised of individual designs among which are four separate heat transfer designs which Defendants designate with catalog numbers P-757 Crappie, C0-349 Bonefish, C-358 Bass, and P-1575 Bass. Copies of each of these four designs are attached as Exhibits E through and including H.

18. Defendants had access to the Plaintiffs' Work.

19. The Defendants' Works are strikingly similar and substantially similar to the Plaintiffs' Works and they were copied from the Plaintiffs' Works. More specifically

    1. Defendant's P-757 Crappie copies Plaintiff Agnew's "Crappie #306"

    2. Defendant's C-349 Bonefish copies Plaintiff Ray's "Three Bonefish and Crabs"

    3. Defendant's C-358 Bass copies Plaintiff Wild Wings's "Cartwheeling- Large Mouth Bass"

4

    4. Defendant's P-1575 Bass copies Plaintiff Wild Wings's "Cartwheeling- Large Mouth Bass"

20. Plaintiffs have not authorized the copying of the Plaintiffs' Work, or the designs within Plaintiffs' Work, or the distribution of any unauthorized copies of the Plaintiff's Work by Defendants in any format, or in the form of heat transfers or otherwise.

21. Plaintiff, through counsel, contacted Defendants, and alleged that Defendants' Works and the sale of the offending heat transfers constituted copyright infringement, and demanded that defendant account for sales of the Defendants' Works.

22. The Defendants' creation, publication, display and or distribution of the Defendants' Works, has infringed and, if not terminated, continues to infringe upon Plaintiffs' rights in the Plaintiffs' Work.

23. The Defendants' infringement commenced after registration of the Plaintiffs' Work.

24. The Defendants knew or should have known that the Plaintiffs' permission was required to make and distribute copies of the Plaintiffs' Work, and the designs comprising Plaintiffs' Work.

25. The Defendants Dowling Graphics and Denise Dowling intentionally, wantonly, and or recklessly disregarded rights it knew or reasonably should have known were claimed in the Plaintiffs' Work, when creating or causing the creation of, and or when distributing Defendants' Works.

26. The John Doe Defendants are individuals and entities who or which have transacted business with the Defendant in this district and who have purchased the Defendants' Work from Defendant, and who have resold the Defendants' Work or have resold

Defendants' Work on merchandise and or goods bearing the Defendants' Work, without Plaintiffs' permission.

27. Defendants' infringement of Plaintiffs' copyright has directly and proximately caused Plaintiffs monetary damages including lost sales, in an amount thus far not determined, and subject to proof at trial.

28. Plaintiffs have lost profits as a result of Defendants' infringement, in an amount thus far not determined and subject to proof at trial.

29. Defendants have realized profits from the sale of the Defendants' Works in an amount unknown and subject to proof at trial.

## I. First Cause of Action:  Copyright Infringement

30. Paragraphs 1 through 29 above are incorporated herein.

31. Defendants' manufacture, distribution, and display of brochures and of the heat transfers comprising Defendants' Work  and or merchandise or goods bearing Defendants' Work without Plaintiffs' authorization, constitutes copyright infringement, and violates Plaintiffs' rights under Title 17 of the United States Code, Section 106, to make and authorize the making of copies and derivative versions of the Plaintiffs' Work, and Plaintiffs' right to distribute and display copies and derivations of Plaintiffs' Work.

WHEREFORE, PLAINTIFF DEMANDS:

1. That pursuant to 17 U.S.C. Section 502(a), Defendants, their agents, servants and/or employees, and all parties in privity with them be enjoined permanently from infringing

   on Plaintiffs' registered copyrights, in any manner, including, but not limited to, the copying, manufacturing, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising any copies of the Plaintiffs' Work or by causing and/or participating in such manufacturing, printing, reprinting, publishing, vending, distributing, selling, promoting or advertising by others.

2.  That, pursuant to 17 U.S.C. Section 503(b), Defendants be required to deliver up for destruction all merchandise, brochures, literature, advertising materials and other items incorporating or bearing a representation of any image that directly or indirectly use matter created by Plaintiffs or which copy Plaintiffs' Work.

3.  That Defendants be required to pay to Plaintiffs such actual damages, pursuant to 17 U.S.C. Section 504(b), as Plaintiffs may have sustained in consequence of their infringements and all profits derived from and attributable to their infringements of Plaintiffs' copyrights, including without limitation license fees, and the value of injury to Plaintiffs' copyrights. Plaintiffs request Defendants account for all gains, profits, sales, advantages, and enhanced goodwill and market recognition derived by them from their infringement of Plaintiffs' Work since the date of the first act of infringement.

4.  That the Court find that Defendants Dowling Graphics and Denise Dowling conduct was committed willfully, and or in wanton and or reckless disregard of Plaintiffs' rights. That Pursuant to 17. U.S.C. Section 504, Defendants be required to pay Plaintiffs damages for any willful, reckless or wanton disregard and infringement of Plaintiffs' rights.

5.  That, pursuant to 17 U.S.C. Section 504, Defendants be required to pay an award of statutory damages in a sum to be determined at trial for any infringement(s) found to

have occurred after registration of Plaintiffs' Work that did not commence prior to the registration of Plaintiffs' Work, to the extent that same may be permitted by law, and should this statutory remedy be elected and be applicable.

6. That, pursuant to 17 U.S.C. Section 504, Defendants Dowling Graphics and Denise Dowling be required to pay an award of increased statutory damages in sum of not less than $30,000 per infringement or more than $150,000.00 per infringement for willful infringement for any infringement(s) found to have occurred after registration of Plaintiffs' Work that did not commence prior to the registration of Plaintiffs' Work, to the extent that same may be permitted by law, and should this statutory remedy be elected and be applicable.

7. That, pursuant to 17 U.S.C. Section 505, Defendants be required to pay reasonable attorneys' fees to Plaintiffs' attorneys for any attorneys' fees associated with any infringement(s) found to have occurred after registration of Plaintiffs' Work that did not commence prior to the registration of Plaintiffs' Work, to the extent that same may be permitted by law and be applicable.

8. That, pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, Defendants be required to pay Plaintiffs' full costs in this action.

9. That the Court grant pre- and post-judgment interest, and delay damages.

10. That Plaintiffs have such other and further relief as the Court may deem just and appropriate in the circumstances.

        Respectfully Submitted,

        /s/James Lorin Silverberg

        James Lorin Silverberg, Trial Counsel
        Pro Hac Vice (Local Rule 2.02(a))
        The Intellectual Property Group, PLLC
        10401 Stevenson Road
        Stevenson, MD 21153
        Tel 410-205-7560 Fax 410-207561
        Email:Artlaws@Aol.com

Designation of Local Counsel Pursuant to Local Rule 2.02(a):

Howard Levine, Esq.
FL Bar #: 0075670
1560 Lenox Avenue, Suite 307
Miami Beach, FL 33139
Tel 305-534-0403 Fax 305-672-5305
Email: HLevineEsq@aol.com

## PLAINTIFF'S DEMAND FOR A JURY TRIAL

    Plaintiff hereby demands a trial by jury on all issues triable of right by jury, including the issues of statutory and other damages.

        Respectfully Submitted,

        /s/ James Lorin Silverberg
        _____

        By:  James Lorin Silverberg, Esq.
        Pro Hac vice
        The Intellectual Property Group, PLLC
        10401 Stevenson Road
        Stevenson, MD 21153
        Tel 410-205-7560 Fax 410-207561
        Artlaws@aol.com